IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK BANKS, | Civil Action No. 13-129 |
| Plaintiff, | |
| v. | Chief Judge Gary Lancaster |
| | Chief Magistrate Judge Lisa Pupo Lenihan |
| REBEWAK INC., AARON, PAUL (DOE), MARK BROWN, FEDERAL BUREAU OF PRISONS, and JAMAL THOMAS, | |
| Defendants. | |

## REPORT & RECOMMENDATION

I. **Recommendation**

It is respectfully recommended that Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full filing fee in the amount of $350.00 within thirty (30) days.

II. **Report**

A. **Background**

Plaintiff initiated this action in the Middle District of Pennsylvania by filing what he captoins as a "Complaint and Petition for Writ of Mandamus," (ECF No. 1), accompanied by a Motion for Leave to Proceed *in forma pauperis* (ECF No. 2). On January 16, 2013, the Middle

District transferred this action here, leaving disposition of Plaintiff's Motion for Leave to Proceed *in forma pauperis* to this Court's discretion. (ECF No. 6.)

### B. Complaint/Petition for Writ of Mandamus

In his Complaint and Petition for Writ of Mandamus, Plaintiff complains that Defendants Paul, Aaron, Brown, and Thomas issued "bogus and unfounded" incident reports in retaliation for his filing of a law suit against them in federal court concerning their unlawful activity in a urine test. He contends that, as a result of Defendants' harassing and retaliating actions and his medical conditions, he suffered a black out, fell and his head on his steel bunk. He states that Defendants breached their duty of due care resulting in violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution.

#### 1. Mandamus Relief

The writ of mandamus is an ancient form of common law judicial relief, a request for a court order compelling a public official to perform some legally-mandated duty. The power of federal courts to issue writs of mandamus is now defined in 28 U.S.C. § 1361, which provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

Writs of mandamus compelling government officials to take specific actions are extraordinary forms of relief that must comply with demanding legal standards. Thus, it is well-settled that the "'writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (quoting In re Chambers Dev. Co., 148 F.3d 214,

223 (3d Cir. 1998) (quoting Lusardi v. Lechner, 855 F.2d 1062, 1069 (3d Cir. 1988))). There are two prerequisites to issuing a writ of mandamus. First, a petitioner must show that he has no other adequate means to attain his desired relief. Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003) (citations omitted). Second, a petitioner must show that his right to the writ is clear and indisputable. Id. Mandamus is an extraordinary remedy that can only be granted where a legal duty "'is positively commanded and so plainly prescribed as to be free from doubt.'" Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987) (quoting Richardson v. United States, 465 F.2d 844, 849 (3d Cir. 1972) (en banc), rev'd on other grounds, 418 U.S. 166 (1974)). It is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984) (citations omitted); see also Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). "[O]nly 'exceptional circumstances amounting to a judicial 'usurpation of power'' will justify issuance of the writ." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) (citations omitted). "[T]he party seeking mandamus has the 'burden of showing that its right to issuance of the writ is 'clear and indisputable.''" Id. (citations omitted). Where the action petitioner seeks to compel is discretionary, petitioner has no clear right to relief and mandamus is not appropriate.

Here, Plaintiff fails to allege any facts which come close to showing that his right to an issuance of the writ is clear and indisputable as required by the case law. He has failed to show that he has no other means of obtaining the relief sought, or that his right to the writ is clear and indisputable. Indeed, even though Plaintiff asserts that he is petitioning the Court for mandamus relief, in actuality, he is not. This action is really a prisoner civil rights action. As such, the Court should construe it as such because it seeks merely to vindicate Plaintiff's purported rights

under federal law. However, because Plaintiff has acquired "three strikes," he cannot proceed *in forma pauperis* in order to prosecute this civil rights action.

## 2. Three Strikes

It is a litigant's burden to prove entitlement to *in forma pauperis* status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

The Court takes judicial notice of the fact that Plaintiff has "three strikes" within the contemplation of 28 U.S.C. § 1915(g),[1] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g) and has three strikes. *See* Banks v. Commonwealth of Pennsylvania, Third Circuit No. 10-1597 (Order dated April 8, 2010, and ultimately denying Plaintiff leave to appeal *in forma pauperis* because he has three strikes: Banks v. Hayward, W.D. Pa. Civ. No. 06-cv-509; Banks v. Hayward, W.D. Pa. Civ. No. 06-cv-1572; In Re: Banks, C.A. No. 06-1828). Accordingly, he may not proceed *in forma pauperis* to prosecute a "civil action" or appeal.

Plaintiff is aware that he cannot pursue a "civil action" (which includes a civil rights action) *in forma pauperis* so he is attempting to cast the present action as a petition for

---

[1] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule").

mandamus. Presumably, he does so because the Third Circuit Court of Appeals has held that the Prison Litigation Reform Act ("PLRA") bars against proceeding *in forma pauperis* for those individuals who have three strikes but does not apply to true or "bona fide" mandamus actions because true mandamus petitions do not constitute a "civil action" within the meaning of Section 1915(g). *See* Madden v. Myers, 102 F.3d 74 (3d Cir. 1996) (holding that bona fide mandamus petitions are not subject to the PLRA), *superseded by rule on other grounds as noted in*, In re Ordaz, __ F. App'x ___, 2013 WL 142701 (3d Cir. Jan 14, 2013). However, the Court in Madden also declared that a "litigant should not be able to evade the PLRA by masking as a mandamus petition a paper otherwise subject to the Act." Id. at 78. This is exactly what Plaintiff is doing here.

What the court stated in Biggins v. Phelps, 2010 WL 3002070, at *1 (D. Del. July 28, 2010) applies equally here: "Biggins alleges denial of access to the courts, denial of the right to exercise religion, and unconstitutional and retaliatory cell searches. He seeks injunctive relief and punitive damages. His pleading is clearly a complaint, no matter what the title. 'Rather than being defined by its caption, a 'complaint' is '[t]he initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief.'"

This is not Plaintiff's first attempt to circumvent the PLRA's prohibition on him proceeding *in forma pauperis* by attempting to file a civil action as a disguised mandamus petition and those attempts have met similar results as here. *See*, *e.g.*, Banks v. Warden, FPC Cannan, No. 11-668, 2011 WL 1542132, at *1 n.2 (M.D. Pa. April 21, 2011) ("Although styled as a 'complaint for a writ of mandamus' it is clear that plaintiff is initiating a civil action."); Banks v. Sager, No. 11-741, 2011 WL 1542136, at *1 (M.D. Pa. April 21, 2011) (same); Banks

v. Lappin, No. 08-152, 2008 WL 2874193 (D. D.C. July 25, 2008) (where court vacated the grant of IFP to Plaintiff in a proceeding Plaintiff captioned as a mandamus and where the court reject that characterization and stated: "[I]t would defeat the purpose of the PLRA if a prisoner could evade its requirements simply by dressing up an ordinary civil action as a petition for mandamus or prohibition or by joining it with a petition for habeas corpus.") (quoting In re Smith, 114 F.3d 1247, 1250 (D.C. Cir. 1997)). Nor does Plaintiff made any allegations that would permit even one who has three strikes to proceed *in forma pauperis*.

## III. Conclusion

Therefore, it is respectfully recommended that Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full filing fee in the amount of $350.00 within thirty (30) days.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, Petitioner is allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: February 11, 2013

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: **FREDERICK BANKS**
#05711-068
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505
*Via U.S. Postal Mail*